| ,MAX N. TOBIAS, JR., Judge.
This appeal is brought by the plaintiffs, Forum for Equality PAC, a registered Louisiana political action committee, Lawrence E. Best, Jeanne M. LeBlanc, and William A. Schultz (hereinafter collectively, the “plaintiffs”), who contend that the trial court erred by granting the defendants’ declinatory exception of improper venue. Based on a review of the record and the applicable law, we affirm the judgment.
On 6 August 2004, the plaintiffs filed suit in the Civil District Court for the Parish of Orleans objecting to the 18 September 2004 election on Acts 2004, No. 926 of the 2004 regular session of the Louisiana Legislature (hereinafter, “Act 926”), a joint resolution of the legislature for a proposed constitutional amendment which states:
Proposing an amendment to the Constitution of Louisiana, to enact Article XII, Section 15, relative to marriage; to require that marriage in the state shall consist only of the union of one man and one woman; to provide that the legal incidents of marriage shall be conferred only upon such union; to prohibit the validation or recognition of the legal status of any union of unmarried individuals; to prohibit the recognition of a marriage | ^contracted in another jurisdiction which is not the union of one man and one woman; to provide for submission of the proposed amendment to the electors and provide a ballot proposition; and to provide for related matters.
Section 1. Be it resolved by the Legislature of Louisiana, two-thirds of the members elected to each house concurring, that there shall be submitted to the electors of the state of Louisiana, for their approval or rejection in the manner provided by law, a proposal to add Article XII, Section 15 of the Constitution of Louisiana, to read as follows: § 15. Defense of Marriage
Section 15. Marriage in the state of Louisiana shall consist only of the union of one man and one woman. No official *1019 or court of the state of Louisiana shall construe this constitution or any state law to require that marriage or the legal incidents thereof be conferred upon any member of a union other than the union of one man and one woman. A legal status identical or substantially similar to that of marriage for unmarried individuals shall not be valid or recognized. No official or court of the state of Louisiana shall recognize any marriage contracted in any other jurisdiction which is not the union of one man and one woman.
Section 2. Be it further resolved that this proposed amendment shall be submitted to the electors of the state of Louisiana at the statewide election to be held on September 18, 2004.
Section 3. Be it further resolved that on the official ballot to be used at said election there shall be printed a proposition, upon which the electors of the state shall be permitted to vote FOR or AGAINST, to amend the Constitution of Louisiana, which proposition shall read as follows:
To provide that marriage in this state shall consist of the union of one man and one woman, that legal incidents of marriage shall not be conferred on a member of any union other than such union, and that the state shall not validate or recognize a legal status identical or substantially similar to that of marriage for unmarried individuals or | ¡¡any marriage contracted in any other jurisdiction which is not the union of one man and one woman. (Adds Article XIII, Section 15)
The suit was filed against defendants, the City of New Orleans, W. Fox McKeithen (Louisiana’s Secretary of State) (hereinafter, “McKeithen”), , and the Attorney General of Louisiana (collectively hereinafter, the “defendants”), asserting Act 926 could not constitutionally be placed on the 18 September 2004 ballot because it would violate La. Const, arts. I, §§ 1, 3, 4, 22, and 23, and XIII, § 1.
In response to the suit, McKeithen filed several exceptions, including a declinatory exception of improper venue, arguing that pursuant to La. R.S. 18:1404 C, exclusive venue for the suit was in East Baton Rouge Parish. The plaintiffs opposed the exception, contending the statute in question applied only to post-election challenges. Thus, they argued, venue was proper because the City of New Orleans was also a party. Thus, suit could be filed in either East Baton Rouge or Orleans Parish.
The matter was heard by the trial court on 10 August 2004, at which time the court granted the exception of improper venue, stating:
The court, having reviewed the law and after considering the memoranda and arguments of counsel, finds that pursuant to R.S. 18:1404 C, the exclusive venue for this suit is in East Baton Rouge Parish, and upon the request by counsel for the plaintiffis] that in the event that this court finds venue improper in this court, that the suit be dismissed rather than transferred to East Baton Rouge Parish.
|4The sole issue presented for review is whether the trial court erred in granting the exception of improper venue. For that determination, we look to the statute in question, La. R.S. 18:1404 C, which states:
§ 1404. Venue
A. (1) An action objecting to a candidate or contesting an election shall be instituted in the district court for the parish where the state capitol is situated if the action involves an office filled by statewide election and shall *1020 be instituted in the district court for any parish included, in whole or part, in the district for the office the action involves.
(2) An action objecting to the calling of a special election shall be instituted in the district court for the parish where the governing authority calling such special election is domiciled. If the governor, president of the Senate, or speaker of the House of Representatives calls the special election, then an action objecting to the calling of such special election shall be instituted in the district court for the parish where the state capítol is situated.
B. An action contesting an election on a proposition, except an election on a proposed constitutional amendment, shall be brought in the district court for the parish where the governing authority calling the election is domiciled.
C. An action contesting an election upon a proposed constitutional amendment shall be brought in the district court for the parish where the state capítol is situated.
[Emphasis added.]
The plaintiffs contend that the trial court relied upon the venue requirements for a post-election challenge that alleges irregularities and fraud in the voting process. However, the plain language of the statute refers to a proposed | Kconstitutional amendment. This means a constitutional amendment that has not yet passed. Therefore, as found by the trial court, this action must be brought in East Baton Rouge Parish.
Further, we find that La. R.S. 18:1404, a special statute contained within the Election Code mandated by La. Const, art. XI, § 1, supersedes the venue articles contained in Chapter 2 of Title 1 of Book I of the Louisiana Code of Civil Procedure, La. C.C.P. arts. 41, et seq. and La. C.C.P. arts. 71, et seq., and other special venue articles. The City of New Orleans, named as a party defendant by the plaintiffs in this suit, is neither a necessary or indispensable party to this litigation for purposes of adjudication of the present issues. La. C.C.P. arts. 641 and 642. The City’s interest is tangential; if the City wishes to assert an interest in the litigation, it is best handled as an incidental action asserted in accordance with Chapter 6 of Title 2 of Book I of the Louisiana Code of Civil Procedure. Thus, the venue article for a suit against a political subdivision (like the City of New Orleans) contained in La. R.S. 13:5104 is inferior to the interests of the state in requiring venue in election matters to be in East Baton Rouge Parish, the site of the Louisiana capítol.
Accordingly, we affirm the judgment of the trial court.

AFFIRMED.